IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **HARRIET WALCZAK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 11 C 8409 |
| ) | |
| **BOARD OF EDUCATION OF THE** ) | |
| **CITY OF CHICAGO,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant The Board of Education of the City of Chicago's (BOE) motion to dismiss. For the reasons stated below, the motion to dismiss is granted.

## BACKGROUND

Plaintiff Harriet Walczak (Walczak) allegedly began working for BOE as a teacher in 1970. In 1993, Walczak allegedly began work at Wells Community Academy High School (Wells). In the fall of 2006, Wells allegedly hired Nichole Jackson (Jackson) as the principal of Wells. According to Walczak, after Jackson

1

became principal, student misbehavior was not consistently disciplined or enforced and Jackson stripped teachers of disciplinary mechanisms available to discipline students. Walczak claims that due to the lack of discipline, she was accosted by students on several occasions.

Walczak also alleges that Jackson showed her disapproval of Walczak's age and referred to Walczak and other teachers over the age of 40 as "dinosaurs." (Compl. Par. 2, 21). Jackson also allegedly unfairly criticized Walczak's ability to control her classes and, without justification, placed Walczak in a remediation plan under the "Fresh Start" program. As part of the "Fresh Start" program, Walczak was allegedly mentored by Ellen Kelly, who Walczak contends was not qualified to be a mentor.

Jackson also allegedly scheduled Walczak's English classes in a science lab, which was inconvenient, and gave Walczak older textbooks for her classes. Jackson also allegedly made various false statements indicating that Walczak's work performance was poor. Jackson also allegedly attempted to pressure Walczak to retire. After the remediation period, Jackson allegedly concluded that Walczak had not satisfactorily completed the remediation plan, and Walczak was reassigned to the Area Office. In June 2008, Walczak was discharged by BOE. Beginning in March 2009, a hearing was conducted before the Office of Labor and Employee

Relations, and the hearing officer allegedly recommended that Walczak be reinstated. In February 2010, BOE allegedly decided not to reinstate Walczak. Walczak sought an administrative review of BOE's decision in Illinois state court and the state court upheld BOE's decision. Walczak appealed that ruling, and the appeal is currently pending. Walczak includes in her complaint an age discrimination claim brought under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 *et seq.* BOE now moves to dismiss the instant action.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir.

3

2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

## DISCUSSION

BOE argues that Walczak chose to pursue an administrative review in state court and now has recast the same operative facts as an age discrimination claim, and that the instant action is thus barred under the doctrine of *res judicata*. Although the doctrine of *res judicata* is an affirmative defense, "when an affirmative defense is disclosed in the complaint, it provides a proper basis for a Rule 12(b)(6) motion." *Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008)(stating that "a plaintiff can plead himself out of court" and "[n]o purpose would be served by compelling the defendant to file an answer rather than proceed by motion when the plaintiff has pleaded the answer himself"). In determining whether the doctrine of *res judicata* is

4

applicable, a district court applies the preclusion law of the state that rendered the prior judgment. *Arlin-Golf, LLC v. Village of Arlington Heights*, 631 F.3d 818, 821 (7th Cir. 2011). Under Illinois law, the doctrine of *res judicata* applies when: "(1) there was a final judgment on the merits rendered by a court of competent jurisdiction, (2) there is an identity of cause of action, and (3) there is an identity of parties or their privies." *Id.* (internal quotations omitted)(quoting *Nowak v. St. Rita High Sch.*, 757 N.E.2d 471, 477 (Ill. 2001)).

There is no dispute that there is an identity of the causes of action and an identity of the parties in this case. Although the precise legal claim in this case is not the same claim as in the administrative review, Illinois applies the transactional test under which "[s]eparate claims will be considered the same cause of action for purposes of *res judicata* if they arise from a single group of operative facts, regardless of whether they assert different theories of relief . . . ." *Id.* (quoting *River Park, Inc. v. City of Highland Park*, 703 N.E.2d 883, 893 (Ill. 1998)(internal quotation omitted). There is no dispute that this case and the administrative review involve the same operative facts. Walczak contends that there is no final judgment on the merits. Walczak also argues that BOE waived the *res judicata* defense and that the application of the doctrine of *res judicata* in this case would not be consistent with the principles underlying the doctrine.

5

I. Final Judgment on the Merits

Walczak argues that there was no final judgment on the merits as to the instant dispute. Walczak argues that the collective bargaining agreement (CBA) for the unit that represented her did not contain any provision for the arbitration of age discrimination claims. Walczak contends that since the CBA did not clearly call for the arbitration of age discrimination claims, the decisions resulting from an arbitration could not serve as a final adjudication on the merits of Walczak's claims. However, BOE decision for which Walczak sought an administrative appeal was not the arbitration of a grievance under the CBA. According to the terms of the CBA, which Walczak has attached to her response to the instant motion, any grievance would proceed before an arbitrator, not in Illinois state court. (CBA Art. 3). The CBA also indicates that the dismissal of tenured teachers, which Walczak alleges that she was, are not subject to the grievance procedure and the subsequent arbitration. (CBA Art. 38-5-8). As BOE points out, the review sought by Walczak was an administrative review before the Illinois State Board of Education conducted pursuant to Section 34-85 of the Illinois School Code. BOE resolution, dated February 24, 2012, which is a matter of public record, makes it clear that Walczak sought review under Section 34-85 of the Illinois School Code, and was not pursuing a grievance. Thus, Walczak's reliance on what types of disputes are covered under

the arbitration clause of the CBA are inapplicable. Likewise, the cases cited by Walczak regarding the preclusive effect of an arbitrator's decision made in accordance with a collective bargaining agreement are not on point. BOE has shown that the state court ruling in the administrative review proceedings constitutes a final judgment on the merits that would warrant the applicability of the doctrine of *res judicata* in this case.

II. Waiver of Defense

Walczak argues that BOE waived the *res judicata* defense by impliedly agreeing to allow Walczak to split the claims presented in the administrative review claims from the age discrimination claim. Walczak argues that BOE should have raised the *res judicata* defense in the administrative review proceedings since proceedings before the Equal Employment Opportunity Commission (EEOC) relating to age discrimination had commenced prior to the administrative review. Walczak contends that BOE should have, in essence, objected at the initiation of the administrative review proceeding in two separate forums and BOE impliedly acquiesced to splitting the claims. However, Walczak has not cited precedent showing that BOE was obligated to raise a *res judicata* defense based on an ongoing EEOC proceeding in which there was no final judgment on the merits. As the

Seventh Circuit has indicated, the decision of whether to split claims from an administrative review process is a strategic decision left to be made by a plaintiff. *Garcia v. Village of Mount Prospect*, 360 F.3d 630, 644 (7th Cir. 2004). It was not incumbent on BOE to demand that all Walczak's claims be resolved in one forum. Walczak's administrative review process proceeded before the state court, culminating in a final judgment on the merits, and it is that final judgment that made the doctrine of *res judicata* applicable to subsequent claims.

Walczak cites *Saxon Mortg., Inc. v. United Financial Mortg. Corp.*, 728 N.E.2d 537 (Ill. App. Ct. 2000) in support of her waiver argument. However, in *Saxon*, the court made clear that "[t]he doctrine of *res judicata* also prohibits a party from subsequently seeking relief by splitting a single cause of action into more than one proceeding." *Id.* at 545. The court in *Saxon* also held that "[w]here the plaintiff is simultaneously maintaining separate actions based upon parts of the same claim, and in neither action does the defendant make the objection that another action is pending based on the same claim, judgment in one of the actions does not preclude the plaintiff from proceeding and obtaining judgment in the other action," and that "[t]he failure of the defendant to object to the splitting of the plaintiff's claim is effective as an acquiescence in the splitting of the claim." *Id.* (quoting *Thorleif Larsen and Son, Inc. v. PPG Industries, Inc.*, 532 N.E.2d 423 (Ill. App. Ct.

1988)(internal quotations omitted). However, in the instant action, Walczak was before the EEOC, which was not a separate legal action seeking to resolve the merits of any of Walczak's claims. Unlike in *Saxon*, where the first court had the authority to hear all the pertinent claims, the EEOC did not have the authority to hear all of Walczak's claims. *Id.* The EEOC was not even authorized to decide the merits of Walczak's age discrimination claims. *Hentosh v. Herman M. Finch University of Health Sciences/The Chicago Medical School*, 167 F.3d 1170, 1175 (7th Cir. 1999). As the Seventh Circuit has explained, such discrimination claims are brought before the EEOC to "afford[] the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion." *Id.* (quoting *Cheek v. Western & Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994)(internal quotations omitted). Thus, there was no basis for BOE to assert the doctrine of *res judicata* at an earlier juncture, and Walczak has not shown that BOE waived the defense of *res judicata* by failing to raise the defense during the administrative review proceedings.

III. Underlying Principles of *Res Judicata*

Walczak also argues that even if all the elements for the doctrine of *res judicata* are met in this case, the application of the doctrine of *res judicata* would be

9

unjust and not in keeping with the underlying principles of the doctrine. The doctrine of *res judicata* should "not be applied where it would be fundamentally unfair to do so." *Williams v. City of Chicago*, 2012 WL 2128325, at *2 (N.D. Ill. 2012)(quoting *Nowak*, 757 N.E.2d at 477)(internal quotations omitted). Walczak argues that it is unclear whether a federal employment discrimination claim could have even been heard by an Illinois state court in an administrative review proceeding and whether it would have been appropriate to attempt to raise "secondary employment claims" in Illinois state court administrative review proceedings. (Ans. 9-10). However, both federal case law and the Illinois Administrative Review Act indicate that such claims can be brought in state court in an administrative review proceeding. 735 ILCS 5/3-110 (stating that "[t]he hearing and determination shall extend to all questions of law and fact presented by the entire record before the court"); *Abner v. Illinois Dept. of Transp.*, 674 F.3d 716, 721 (7th Cir. 2012); *Garcia*, 360 F.3d at 644. The court also notes that although Walczak now contends that it is unclear whether "secondary employment" claims could have been brought in the administrative review proceedings, Walczak did in fact include one such claim in the form of a due process claim. (Reply Ex. I Par. 5). Walczak also argues that the doctrine of *res judicata* should not be applied where a litigant lacked a full and fair opportunity to litigate her claims in prior proceedings,

and Walczak contends that she lacked such an opportunity in state court during the administrative review proceedings. The doctrine of *res judicata* should not be applied "if the party against whom it is asserted has not had a full and fair opportunity to litigate his claims." *Pirela v. Village of North Aurora*, 935 F.2d 909, 913 (7th Cir. 1991)(quoting *Lee v. City of Peoria,* 685 F.2d 196, 201 (7th Cir. 1982)(internal quotations omitted). The Seventh Circuit has already addressed the situation where a plaintiff had a prior opportunity to pursue an employment discrimination claim during a state court administrative review and the plaintiff chose not to do so, and the Seventh Circuit has rejected the argument that the plaintiff lacked a full and fair opportunity to litigate such a claim. *Abner*, 674 F.3d at 720; *Garcia*, 360 F.3d at 639 (stating that "so long as [the plaintiff] could have joined his federal claims with the administrative appeal of the Board's decision, then he had a full and fair opportunity to litigate those claims under Illinois law"). In addition, although when the administrative review proceedings had commenced, Walczak had not yet received a right-to-sue letter from the EEOC, the Seventh Circuit has explained the available alternatives in such a situation, such as requesting that the EEOC expedite its decision or requesting the tribunal stay the proceedings until a right-to-sue letter is issued. *Palka v. City of Chicago*, 662 F.3d 428, 438 (7th Cir. 2011). Walczak thus had the opportunity to fully litigate her age discrimination

11

claim in the state court administrative review proceedings.

Walczak also contends that the doctrine of *res judicata* is intended to promote judicial economy, and such a goal would not be promoted by the application of the doctrine of *res judicata* in this case. The record reflects that Walczak could have had the age discrimination claim involving the same core facts as the claims in the administrative review proceedings resolved at one time by the same court. Such a result would have promoted the efficient use of judicial resources. Allowing Walczak to initiate a new lawsuit relating to the same facts after losing on the merits in the state trial court would not promote an efficient use of judicial resources. Walczak has not shown that the application of the doctrine of *res judicata* in this case would be contrary to any principles underlying the doctrine. The Seventh Circuit has held that a plaintiff cannot pursue an administrative review and, after failing in that endeavor, bring an employment discrimination action based on the same operative facts. *See Abner*, 674 F.3d at 722 (holding that the plaintiff "had a full and fair opportunity to litigate the propriety of his discharge in state court, and having failed to do so, he is barred from relitigating the grounds for his discharge in federal court under the guise of Title VII"). In addition, in *Garcia,* in holding that the doctrine of *res judicata* applies in instances such as the instant action, the Seventh Circuit explained that the plaintiff "*chose* to pursue an administrative appeal of the Board's

12

decision to the circuit court," and that "[h]e could have foregone that appeal (thereby avoiding the aforementioned procedural complexities) and simply pursued his federal civil-rights claims solely in federal court (of course, after exhausting his Title VII administrative remedies with the EEOC)." *Garcia*, 360 F.3d at 644 (emphasis in original). The Seventh Circuit further indicated that the plaintiff must live with the consequences of such strategic and tactical decisions. *Id.* Similarly, in this instance, Walczak made choices as to how best to proceed with her various claims and it is not unfair to require Walczak to live with her own choices. Therefore, based on the above, BOE's motion to dismiss is granted.

## CONCLUSION

Based on the foregoing analysis, BOE's motion to dismiss is granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: August 1, 2012